UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC
2007 APR 19 A 10: 14

Lamond Garrett,  )  C/A No. 2:07-801-CMC-RSC
)
          Petitioner,  )
)
vs.  )
)
Donald Bauknecht, Warden,  )
)
          Respondent.  )  **Report and Recommendation**
)

The Petitioner, Lamond Garrett (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is a federal prisoner at Williamsburg Federal Correctional Institution. The Petition should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*);

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, see *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the Petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner files this § 2241 petition for habeas relief from an October 25, 2000, conviction for violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute drugs), 18 U.S.C. §§ 924(j), 1121(a)(2), and 1512(a)(1)(a) (all three counts related to the murder of a federal informant). After a jury trial, Petitioner was sentenced to life imprisonment without possibility of release. On November 19, 2001, the Eleventh Circuit affirmed

Petitioner's conspiracy and murder convictions on appeal. Petitioner did not file a petition for a writ of certiorari.

On November 22, 2002, Petitioner timely filed a § 2255 petition (C/A No. 4:02-250-WTM) for habeas relief in the United States District Court for the Southern District of Georgia, Savannah Division (S.D. Ga.), which was subsequently denied on March 28, 2003. The United States Court of Appeals for the Eleventh Circuit denied Petitioner's motion for a certificate of appeal on August 11, 2003. Petitioner filed a second § 2255 petition (C/A No. 4:05-103-WMT-GRS) in the S.D. Ga. on June 27, 2005. Petitioner failed to provide certification from the Eleventh Circuit authorizing review of the § 2255 petition and it was denied as successive on July 25, 2005. On February 16, 2006, the Eleventh Circuit Court of Appeals denied Petitioner's motion for a certificate of appeal.

## Discussion

This Court does not have jurisdiction over Petitioner's claim, brought pursuant to 28 U.S.C. § 2241.[2] Title 28, Chapter 153 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction. Under this framework, those convicted in federal court are required to bring

---

[2] Section 2241 states, in pertinent part, that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(a),(c)(3).

collateral attacks challenging the validity of their judgment and sentence by proceeding under 28 U.S.C. § *2255*:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.*

Although the instant Petition is brought pursuant to § 2241, its claim clearly represents a collateral attack upon a conviction in and sentence imposed by the district court in the Southern District of Georgia, Savannah Division. This kind of attack is more properly reserved for a petition filed pursuant to § 2255 in the sentencing court, *see In re Vial*, 115 F.3d 1192 (4th Cir. 1997), instead of a petition filed pursuant to § 2241 in the circuit of incarceration.[3] As Petitioner was sentenced in the Southern

---

[3] A writ under § 2241 by a federal prisoner must be brought only in a district court with jurisdiction over the prisoner or his custodian. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973); *see also* § 2241(a). Generally, "only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated."

District of Georgia, under § 2241 jurisprudence, the issues raised herein would not usually be within the jurisdiction of this Court. See *Miller v. United States*, 564 F.2d 103, 105 (1st Cir. 1977); *Lee v. United States*, 501 F.2d 494, 500 (8th Cir. 1974).

A petition under § 2241 is available for a federal prisoner to collaterally attack his sentence, however, when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 381 (1977). As discussed above, Petitioner previously filed two § 2255 motions with the sentencing court. Because of the "gatekeeping" amendments effected by the Anti-Terrorism and Effective Death Penalty Act of 1996[4] ("AEDPA"), in order to bring a "second or successive" motion under § 2255, Petitioner must receive permission to do so from the court of appeals in which circuit the district court sits, in this case, the Fourth Circuit. See § 2255; 28 U.S.C. § 2244(a).

In order to obtain such permission, the movant must have the court of appeals certify that his motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

*DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

[4] Pub. L. No. 104-132, 110 Stat. 1214.

>      (2) a new rule of constitutional law, made
> retroactive to cases on collateral review by the Supreme
> Court, that was previously unavailable.

§ 2255. Petitioner does *not* base his argument on either of these criteria.

The Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court has concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id*.

In only one scenario has the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. As Petitioner's claim fails to meet these criteria, he is precluded from relief under § 2241, and his Petition should be dismissed. *See also Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6 (1986) (a "petition raising grounds that were available but not relied upon in a prior petition" could be

dismissed on the ground that the petitioner "ha[d] abused the writ."), *quoted in In re Taylor*, 171 F.3d 185, 187 (4th Cir.1999) (discussing pre-AEDPA law and recognizing that the AEDPA codified and extended "'judicially constructed limits on the consideration of second and successive applications for collateral relief.'" (citation omitted)).

### Recommendation

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

*/s/ Robert S. Carr/*
Robert S. Carr
United States Magistrate Judge

April *19*, 2007
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).