IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lamond Garrett, | ) | C/A NO. 2:07-801-CMC-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Donald Bauknecht, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for habeas corpus relief, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pre-trial proceedings and a Report and Recommendation. On April 19, 2007, the Magistrate Judge issued a Report recommending that this petition be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on May 8, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the Objections of Petitioner, the court agrees with the conclusions of the Magistrate Judge. The court accordingly adopts the Report and Recommendation as part of this order. The court finds this matter to be controlled by the Fourth Circuit Court of Appeals decision in *In re Jones*, 226 F.3d 328 (4th Cir. 2000).

In *Jones*, the Fourth Circuit held that "in a limited number of circumstances . . . § 2255 . . . is inadequate or ineffective to test the legality of the detention of federal prisoners." *Jones*, *supra*, 226 F.3d at 333. The court held

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id*. at 333-34 (emphasis added).

In the present matter, Petitioner has made no showing that his circumstance warrants the application of § 2255's "savings clause." Petitioner's claims attack the validity of his conviction This sort of collateral attack falls into the category of claims covered by § 2255.

Petitioner's remedy lies in an application to the Eleventh Circuit[1] to file a successive petition under § 2255. Petitioner's contention in his Petition that "Section 2255 is inadequate to test the

---

[1] Petitioner was convicted in the United States District Court for the Southern District of Georgia.

2

legality of Petitioner's detention since such motion has been previously filed and Petitioner cannot prevail on a successive form of such motion," Petition at 3 (Dkt. # 1, filed Mar. 28, 2007), is insufficient reason to allow this § 2241 petition to proceed. This § 2241 petition is **dismissed without prejudice** and without requiring Respondent to file a return.

    **IT IS SO ORDERED.**

                                    s/ Cameron McGowan Currie
                                    CAMERON MCGOWAN CURRIE
                                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 11, 2007

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\07-801 Garrett v. Bauknecht e adopting rr dism bc no jurisdiction.wpd